IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| DANIEL ANGE,<br>Institutional ID No. 181240,<br><br>Plaintiff,<br><br>v.<br><br>DPS OFFICER TX STATE TROOPER<br>CASH, *et al.*<br><br>Defendants. | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 5:20-CV-240-BQ<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**REPORT AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Proceeding pro se and *in forma pauperis*, Plaintiff Daniel Ange filed this action on October 6, 2020. In his Complaint, Ange alleges that during his arrest, law enforcement officers threatened and assaulted him, and subsequently denied him medical attention. *See* Compl. 3–4, ECF No. 1. For the reasons set forth below, the undersigned recommends that the District Judge dismiss this action for want of prosecution.

## I.   Background

On October 13, 2020, the United States District Court transferred this action to the undersigned magistrate judge for the purpose of conducting preliminary screening under the Prison Litigation Reform Act (PLRA). ECF No. 5. Before reassigning the case, the district court issued a PLRA Filing Fee Order granting Ange's request to proceed *in forma pauperis* (IFP), which advised Ange of his obligation to "promptly notify the Court of any change in address . . . [and that his] [f]ailure to file such notice may result in this case being dismissed for want of prosecution." ECF No. 6, at 2 ¶ 8 (dated October 13, 2020). Ange received a similar admonishment when he initially filed this suit. *See* "Instructions to a Prisoner *Pro Se* Plaintiff,"

ECF No. 4, at 1 ¶ 2 ("You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case.").

On October 15, 2020, the Court commenced its initial screening of Ange's Complaint. The Court entered an order requiring the Lubbock County Detention Center (LCDC), the Lubbock County District Attorney's Office, and the Office of General Counsel for the Texas Department of Public Safety to provide authenticated records related to Ange's claims. ECF No. 7. While in the process of reviewing the records, the Court received a notice from LCDC stating that Ange had been released from jail on November 5, 2020.[1] ECF No. 9. To this date, however, Ange has provided no new or forwarding address. Utilizing the only address available—that provided in his Complaint—the Court entered an order on December 16, 2020, requiring Ange, within thirty days from the date of the order, to complete and return a questionnaire in accordance with *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976) so the Court could obtain additional information about the factual basis of his Complaint. ECF No. 10.[2] In its order directing Ange to complete the questionnaire, the Court admonished Ange that "failure to timely return the completed Questionnaire and Declaration . . . may and most probably will result in dismissal of his entire complaint." *Id.* That same day, the Clerk mailed the order and questionnaire to Ange's address on file with the Court. *See* "Clerk's Notice of Delivery," dated December 16, 2020. Predictably,

---

[1] The notice states that Ange was released to the Texas Department of Criminal Justice Middleton Unit.

[2] Prior to issuing this order, the Court conducted a search of the Texas Department of Criminal Justice's (TDCJ) online offender list, which revealed that an individual with the same name as Ange is currently incarcerated within the TDCJ system at the Formby Unit (not Middleton). *See* Tex. Dep't of Criminal Justice, Offender Information Search, https://offender.tdcj.texas.gov/OffenderSearch (last visited January 22, 2021). The identification number supplied by Ange, however, does not match the TDCJ number contained in the TDCJ offender search result. In any event, it is the pro se litigant's responsibility to maintain a current address on file with the Clerk of Court—courts have neither the time nor resources to assume responsibility for tracking down pro se litigants who fail to comply with basic requirements for pursuing their claims.

the United States Postal Service returned the Questionnaire on December 23, 2020, as "return to sender." ECF No. 11.[3]

## II. Involuntary Dismissal

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. 626).

As noted above, the Court commenced its initial screening of Ange's Complaint by ordering the production of authenticated records from LCDC, the Lubbock County District Attorney's Office, and the Office of General Counsel for the Texas Department of Public Safety, which the Court received November 12, 2020. Ange's failure to provide a forwarding address, however, thwarts the Court's ability to further review the case, either through setting an evidentiary hearing (*Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985)) or sending another questionnaire. In this posture, a court is basically at the mercy of a litigant who refuses to provide an updated address, thereby preventing the court from effectively communicating in any way with the party concerning his failure to act. Pro se litigants cannot hold a court's docket hostage by refusing to comply with specific orders designed to allow the court to timely and efficiently manage its docket.

Despite specifically being admonished on at least two occasions that failure to promptly notify the Court of a change in address could result in the dismissal of this action, Ange has failed

---

[3] LCDC officials marked on the envelope, "Not in Jail." *Id.*

3

to maintain his current address with the Clerk of Court. This Court has previously dismissed other prisoners' claims for failing to return the court's questionnaires. *See, e.g., Garcia v. Giles W. Dalby's CF, et al.*, No. 5:15-CV-040-BG, slip. op. at 1 (N.D. Tex. Nov. 4, 2015) (recommending dismissal of complaint without prejudice for failure to return questionnaire), *R & R adopted by* No. 5:15-CV-040-C (N.D. Tex. Dec. 3, 2015); *see also Swaissi v. Nichols*, No. Civ.A.3:01-CV-2405-L, 2002 WL 1477429, at *1 (N.D. Tex. June 18, 2002) (recommending dismissal of case without prejudice where inmate did not timely respond to court's questionnaire, even after he updated address), *R & R adopted by* 2002 WL 1477429 (N.D. Tex. July 5, 2002). Because Ange has not provided his current address to the Clerk, and he has wholly failed to communicate with the Court in any way since filing his case on October 6, 2020, the Court must dismiss this case for want of prosecution. *See Manzo-Flores v. Dixon*, Civil Action No. 5:13–CV–00114–C, 2015 WL 728033, at *1 (N.D. Tex. Feb. 19, 2015) (Cummings, J.) (dismissing a prisoner's civil rights case for want of prosecution when the prisoner failed to timely file an answer to the magistrate judge's questionnaire).

### III.     Recommendation

Ange has not consented to proceed before the undersigned United States Magistrate Judge. The undersigned therefore enters this Report pursuant to the order of transfer and recommends that the United States District Court dismiss Ange's Complaint without prejudice for want of prosecution in accordance with Federal Rule of Civil Procedure 41(b).

### IV.     Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C.

§ 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated: January 29, 2021.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE