IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| DANIEL ANGE,<br>Institutional ID No. 2326318,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DPS TROOPER MICHAEL SIMS,[1] *et al.*,<br><br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§ 　CIVIL ACTION NO. 5:20-CV-00240-C<br>§<br>§<br>§<br>§ |

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. Plaintiff timely filed objections. The District Court made an independent examination of the record in this case and conducted a de novo review of the relevant portions of the Magistrate Judge's Report and Recommendation. As explained briefly below, Plaintiff's objections are **OVERRULED**, and the Court **ACCEPTS** and **ADOPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

Plaintiff's objections focus on the Magistrate Judge's description of the events as recorded in the authenticated video records. First, Plaintiff takes issue with the way the Magistrate Judge describes the force incident—when Trooper Sims hit Plaintiff's bike with his patrol vehicle. But the Magistrate Judge recommended that Plaintiff's excessive-force claim against Trooper Sims should proceed. Plaintiff's objections do not challenge that recommendation or change the analysis of that claim.

---

[1] The Court adopts the Magistrate Judge's findings regarding the substitution of Defendant DPS Trooper Michael Sims for the originally named Defendant DPS Trooper "Cash," based on the authenticated records and Plaintiff's responses during screening. Doc. 32 at 3. The Court changes the caption of this case accordingly. The Clerk is directed to change the docket to terminate Trooper Cash as a party and add Trooper Sims.

Next, Plaintiff objects to the dismissal of his deliberate indifference claim. He insists that the evidence shows the DPS troopers to be negligent. But negligence—or even gross negligence—is not enough to establish deliberate indifference. *Thompson v. Upshur Cty.*, 245 F.3d 447, 459 (5th Cir. 2001). Plaintiff's objections are overruled.

IT IS THEREFORE ORDERED that

1) Plaintiff's claims for deliberate indifference to his serious medical needs against all Defendants are **DISMISSED** with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

2) Plaintiff's claims against Defendant DPS Special Agent Robert Smith are **DISMISSED** with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

3) There is no just reason for delay in entering a final judgment and final judgment should be entered as to the above-named Defendants and claims pursuant to Federal Rule of Civil Procedure 54(b).

4) Plaintiff's claim against Defendant Michael Sims for excessive use of force will proceed with service of process as follows:

    The Clerk shall transmit to the Attorney General a copy of this Order, together with a copy of Plaintiff's Complaint (Doc. 1), Questionnaire responses (Doc. 27), and the Report and Recommendation (Doc. 32). The documents shall be transmitted by email to the appropriate email addresses at the Office of the Attorney General for the State of Texas. *See* Fed. R. Civ. P. 5(b)(2)(E).

    Defendant Michael Sims shall file an answer or other responsive pleading within thirty (30) days of the date of service of this Order.

    If Defendant Sims is no longer employed by the Texas Department of Public Safety and will not be contacted and represented by the Attorney General's Office, the Assistant Attorney General assigned to this case shall provide the Court with each such Defendant's last known address, UNDER SEAL WITHOUT A MOTION, on or before the date on which the Defendant's answer is otherwise due.

Judgment pursuant to Rule 54(b) shall be entered accordingly.

SO ORDERED.

Dated September 19, 2022.

SAM R. CUMMINGS
Senior United States District Judge